IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAURENCE R. GOODEN, | ) | 8:08CV55 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNKNOWN SAMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to File Amended Complaint (filing no. 19) and Motion to Appoint Counsel (filing no. 22). As set forth below, the Motion for Leave is granted and the Motion to Appoint Counsel is denied.

**Motion for Leave to File Amended Complaint**

Plaintiff seeks leave to amend his Complaint to add two additional Defendants. (Filing No. 19.) Defendant Sampson did not oppose the motion and the time in which to do so has passed.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.*

Here, the parties have not yet engaged in discovery and this matter has not yet been subject to a progression order. Further, Defendant Sampson has not opposed Plaintiff's Motion to Amend. The court has carefully reviewed the proposed Amended Complaint and finds that amendment would not be futile and is not made in bad faith. The Motion to Amend Complaint is therefore granted. Further, in accordance with NECivR 15.1(b), the court will consider the amended pleading as supplemental to, rather than superseding, the original Complaint. Plaintiff shall have until January 14, 2009 to effect service of process on the new Defendants as set forth below.

**Motion to Appoint Counsel**

Plaintiff also seeks the appointment of counsel. (Filing No. 22.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to File Amended Complaint (filing no. 19) is granted.

2. Plaintiff's Motion to Appoint Counsel (filing no. 22) is denied.

3. To obtain service of process on the newly-added Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint and Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons, Complaint, and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint and Amended Complaint, and Plaintiff does not need to do so.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant by **January 14, 2009** may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "January 14, 2009: Check for completion of service of summons."

7. Plaintiff's Motion for Summary Judgment (filing no. 25) is premature and is denied without prejudice to reassertion at the appropriate time, pursuant to a progression order.

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

November 12, 2008.	BY THE COURT:


	s/ Joseph F. Bataillon
	Chief United States District Judge